State, Plaintiff-Appellee, *v.* Murray, Defendant-Appellant.

Ohio Appeals, Seventh District, Trumbull County.

No. 1504.  Decided June 23, 1962.

Mr. *Lynn B. Griffith, Jr.*, prosecuting attorney, and *Messrs. Thomas Letson* and *David Griffith*, assistant prosecuting attorneys, for plaintiff-appellee.

Mr. *John W. Ticoras*, for defendant-appellant.

Brown, P. J.  The indictment of the defendant was for unarmed robbery under Section 2901.12, Revised Code.  Defendant plead not guilty and went to trial.  At trial and before the jury was impaneled the trial judge, upon request of the state, permitted the indictment to be amended by interlineation to show the name of person robbed.  The defendant's motion at that time to quash the indictment was overruled, the trial court stating:—

"* * * the Court feels that the matter of the person robbed was at all times within the knowledge of the defendant and his counsel; that his defense is one of alibi.  If he claims he wasn't there anyway, it wouldn't interfere with the presentation of defense, and that a continuation will in no way place the defendant in a better position than this morning, and for the further reason that an omission was apparently discovered by the court rather than counsel.  No bill of particulars was ever asked for by counsel so the motion to quash will also be out and at

the same time be overruled, and exception noted to the defendant.''

The jury convicted the defendant, and defendant's counsel perfected his appeal.

The court was correct in his ruling under authority of Section 2941.30, Revised Code, which states:—

''The court may at any time before, during, or after a trial amend the indictment, information, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged. If any amendment is made to the substance of the indictment or information or to cure a variance between the indictment or information and the proof, the accused is entitled to a discharge of the jury on his motion, if a jury has been impaneled, and to a reasonable continuance of the cause, unless it clearly appears from the whole proceedings that he has not been misled or prejudiced by the defect or variance in respect to which the amendment is made, or that his rights will be fully protected by proceeding with the trial, or by a postponement thereof to a later day with the same or another jury. In case a jury is discharged from further consideration of a case under this section, the accused was not in jeopardy. No action of the court in refusing a continuance or postponement under this section is reviewable except after motion to and refusal by the trial court to grant a new trial therefore, and no appeal based upon such action of the court shall be sustained, nor reversal had, unless from consideration of the whole proceedings, the reviewing court finds that the accused was prejudiced in his defense or that a failure of justice resulted.''

This appellant was not misled or prejudiced by the defect, his rights were fully protected by proceeding with the trial. No failure of justice resulted from the amendment.

The other assigned errors are overruled.

Judgment affirmed.

DONAHUE and GRIFFITH, JJ., concur.