THE STATE OF OHIO, APPELLEE *v.* CORNUTE, APPELLANT.

(No. 78AP-772—Decided March 13, 1979.)

*Mr. George C. Smith,* prosecuting attorney, and *Mr. Alan C. Travis,* for appellee.

*Messrs. Mancino, Mancino & Mancino* and *Mr. Paul Mancino, Jr.,* for appellant.

McCORMAC, J. Appellant, David C. Cornute, was charged with kidnapping in violation of R. C. 2905.01 and was found guilty by a jury. He was sentenced to imprisonment from 7 to 25 years for commission of a first degree felony. A direct appeal was taken to this court in case No. 75AP-339, which resulted in an affirmance by a decision of December 29, 1975, journalized January 14, 1976. The Supreme Court of Ohio overruled appellant's motions for further review.

On May 8, 1978, appellant filed a motion for leave to file a delayed appeal which was overruled on July 25, 1978.

On November 13, 1978, appellant filed a postconviction petition and a motion to correct the sentence pursuant to Crim. R. 36 in the Court of Common Pleas of Franklin County. On November 15, 1978, the trial court overruled the motion and dismissed the petition without explanation or oral hearing.

From the judgment of the trial court, defendant has appealed, setting forth the following assignments of error:

"1. The defendant was entitled to postconviction relief as his constitutional rights were violated when he was

sentenced for an offense for which he was neither charged nor committed.

"2. The court committed prejudicial error in not making findings of fact and conclusions of law in dismissing the post-conviction petition filed by the defendant.

"3. The court committed prejudicial error in not correcting the illegal sentences that had been given to the defendant."

Defendant's petition to vacate judgment and to correct the sentence is based on an allegation that the trial court erred in permitting a finding of kidnapping to be a first degree felony, since the indictment did not indicate whether the victim was left in a safe place unharmed and since there was no factual finding in this respect.

The indictment against defendant reads, as pertinent, as follows:

"And the Grand Jurors aforesaid, upon their oath, do further find and present that David C. Cornute on or about the 23rd day of May, 1975, within the County of Franklin aforesaid, in violation of Section 2905.01 R. C., did, by force, threat or deception remove Crolie Page from the place where he was found or restrain Crolie Page of his liberty. with purpose to facilitate the commission of a felony or flight thereafter, terrorize or inflict serious physical harm on the said Crolie Page or another."

R. C. 2905.01 provides, as pertinent, as follows:

"(A) No person, by force, threat, or deception, * * * shall remove another from the place where he is found or restrain him of his liberty, for any of the following purposes:

"* * *

"(3) To terrorize, or to inflict serious physical harm on the victim or another;

"* * *

"(C) Whoever violates this section is guilty of kidnapping, a felony of the first degree. If the offender releases the victim in a safe place unharmed, kidnapping is a felony of the second degree."

Appellant contends that the indictment must negate the release of a victim in a safe place unharmed in order to result in a lawful conviction of kidnapping, resulting in a felony of the first degree.

That contention is not well taken. The provision in R. C.

2905.01(C), reducing kidnapping to a felony of the second degree "[i]f the offender releases the victim in a safe place unharmed," is a circumstance, the establishment of which mitigates defendant's criminal culpability. It is not an element of the crime of kidnapping, and there is no requirement on the part of the prosecution to allege or establish that mitigating circumstance in order for the jury to consider the offense of kidnapping. It is in the nature of an affirmative defense and is to be treated as such. Under the law in effect at the time of this conviction, had the defendant produced some evidence of this circumstance that issue would have been required to have been submitted to the jury under proper instructions from the court. However, a review of the transcript shows that there was no evidence produced relating to this issue, nor was there a request for an instruction thereon.

Release unharmed in a safe place is a mitigating circumstance similar to extreme emotional stress as described in R. C. 2903.03(A), which mitigates a defendant's criminal culpability from murder to voluntary manslaughter. The Supreme Court of Ohio has stated that the burden is upon the defendant to produce evidence of the mitigating circumstance of extreme emotional stress as only the defendant will gain by showing its existence. See *State* v. *Muscatello* (1978), 55 Ohio St. 2d 201. The same principle applies to the mitigating circumstance of releasing the victim unharmed in a safe place.

Moreover, this is an issue which could have been fully litigated by defendant in his direct appeal; thus, postconviction relief under R. C. 2953.21 cannot be considered. *State* v. *Perry* (1967), 10 Ohio St. 2d 175; *State* v. *Duling* (1970), 21 Ohio St. 2d 13.

Appellant's first assignment of error is overruled.

Appellant's third assignment of error is overruled as the sentence given defendant was not illegal, but in accordance with that provided by law for a first degree felony.

The trial court made no findings of fact nor conclusions of law in dismissing the postconviction petition. However, since appellant's petition for postconviction relief does not allege facts which, if proved, would entitle the prisoner to relief, the petition may be summarily dismissed. *State* v. *Perry, supra.* There was no prejudice by the failure of the trial court to make findings of fact and conclusions of law.

Appellant's second assignment of error is overruled.

Appellant's assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH, P. J., and MOYER, J., concur.