JOURNAL ENTRY and OPINION
A jury found defendant Willie Ogletree guilty of two counts of kidnapping and two counts of aggravated robbery. His primary argument on appeal is that the court erred by failing to instruct the jury on lesser included offenses.
The victims were two teenage brothers who were walking down a street one evening when approached by Ogletree. Ogletree pulled out a gun, ordered the brothers on the ground, and asked them if they had any money. A street light suddenly illuminated so Ogletree told the brothers to rise and start walking with him. Ogletree directed them to a house where both boys were forced to wait while Ogletree went into another room. One of the brothers asked a girl at the house if he could use the telephone, intending to call the police. Just before the girl could bring him the telephone, however, Ogletree returned to the room and told the brothers that they were leaving. He took them to an alley, pointed the gun at them and ordered them to strip completely. When one of the brothers balked, Ogletree pointed the gun at him and said, Do you want to try me? Ogletree went through their clothes and took a small tape recorder that one of the brothers said looked like a cell phone. The other brother had twenty dollars in his pants. Wearing only their socks, the boys ran to an uncle's house.
The police detective assigned to the case eventually located Ogletree after both boys identified him in separate photo arrays. In a conversation with the detective, Ogletree said that he had been walking with the brothers and went to a house owned by a friend named Mango. Mango saw the brothers and told Ogletree that these were the same two boys who had jumped Ogletree at a party several months earlier. Ogletree took a BB gun from Mango, put it in the waistband of his trousers and left the house with the brothers in tow. He talked to them about the previous incident, showed the brothers the gun and ordered them to strip off their clothes. He did so as a means of humiliating the brothers for what he believed they had earlier done to him.
Ogletree did not testify, but the defense proceeded on the theory that Ogletree was merely trying to teach the brothers a lesson.
 I
The first assignment of error complains that the court erred by failing to instruct the jury on the lesser included offenses of robbery, abduction, petty theft and the inferior form of kidnapping. Ogletree specifically requested that the jury receive in the alternative, the instructions on the lesser offenses to aggravated robbery, including the offense of theft and the lesser offense of abduction.
 A
The court may consider lesser included offenses of a charged offense and may find the accused guilty of an offense of an inferior degree if the facts support such a result. R.C. 2945.74; Crim.R. 31(C). An offense is an `inferior degree' of the indicted offense where its elements are identical to or contained within the indicted offense, except for one or more additional mitigating elements. See State v. Deem (1988),40 Ohio St.3d 205, paragraph two of the syllabus. An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense. Id., at paragraph three of the syllabus; State v. Barnes, 94 Ohio St.3d 21,25-26, 2002-Ohio-68.
Abduction is a lesser included offense of kidnapping. State v. Foster (June 22, 2000), Cuyahoga App. No. 76383; State v. Smith (Nov. 6, 1997), Cuyahoga App. Nos. 69799, 70451 and 71643. Nevertheless, a charge on the lesser included offense is required only when the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense. State v. Thomas (1988),40 Ohio St.3d 213, paragraph two of the syllabus; State v. Raglin,83 Ohio St.3d 253, 257, 1998-Ohio-110.
The evidence did not reasonably support an acquittal on the kidnapping charge. The primary difference between a charge of kidnapping and a charge of abduction is that kidnapping, as charged in this case, required a showing that Ogletree removed the brothers by force to facilitate the commission of a felony; namely, the robbery. Compare R.C. 2905.01(A)(2) with R.C. 2905.02(A)(1). The court could reasonably find that once Ogletree forced the brothers to leave the house he did so with the intent to rob them. The evidence showed that just after Ogletree approached the brothers he asked them whether they carried any money. After making them accompany him to the house, he marched them to a dark alley and forced them to strip down. He then went through the pockets of their clothes, taking a tape recorder. Taken as a whole, the facts convincingly show that Ogletree intended to rob his victims all along. At the very least, his intention to commit a robbery was manifest once he left the house with the brothers. A charge on abduction would not have been reasonable under these facts.C
Ogletree incorrectly asked the court to charge on theft as a lesser included offense of aggravated robbery. Theft is not a lesser-included offense of aggravated robbery. State v. Carter, 89 Ohio St.3d 593,600-610, 2000-Ohio-172. The court did not err by refusing to charge the jury on theft as a lesser included offense of aggravated robbery.
Ogletree also argues that the court should have instructed the jury on robbery as a lesser included offense of aggravated robbery. The court did not err by refusing to instruct on robbery as Ogletree did not make a specific request for the instruction. Defense counsel told the court that he wished to receive in the alternative, the instructions on the lesser offenses to aggravated robbery, including the offense of theft. By not making a request for a specific instruction on robbery as a lesser included offense of aggravated robbery, Ogletree waived the right to raise it as a basis for error. State v. Yarbrough, 95 Ohio St.3d 227,2002-Ohio-2126 at ¶ 111.
 II
Ogletree next complains that he received ineffective assistance of counsel because counsel failed to request a jury instruction regarding whether the brothers were left in a safe place unharmed. He claims that if the jury had made a finding that he released the brothers in a safe place unharmed, the degree of the offense would have been lowered to a felony of the second degree. See R.C. 2905.01(C).
To support a claim of ineffective assistance of counsel, the appealing party must show that counsel's performance fell below an objective standard of reasonable representation and that counsel's performance caused prejudice. See State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. It is a heavy burden to show prejudice the appealing party must show that but for counsel's error, the result of the trial would have been different. Id., at paragraph three of the syllabus.
The courts have found that the R.C. 2905.01(C) provision for reducing kidnapping to an aggravated felony of the second degree if the offender releases the victim in a safe place unharmed is a mitigating circumstance, in the nature of an affirmative defense to the charge of kidnapping. State v. Sanders, 92 Ohio St.3d 245, 265, 2001-Ohio-189, citing State v. Cornute (1979), 64 Ohio App.2d 199. The accused bears the burden of proving the affirmative defense.
Any defense under R.C. 2905.01(C) requires a showing that the victim was released in a safe place and that the victim was unharmed. While the evidence showed that neither brother in this case had been harmed, there was no evidence to show that they had been left in a safe place. Using the ordinary meaning of the words safe place, see State v. Chandler (Aug. 13, 2001), Cuyahoga App. Nos. 59764 and 72310, application for reopening denied, Motion Nos. 24366 24471, we find no reasonable trier of fact could consider that the brothers were left in a safe place. The evidence showed that Ogletree forced the teenage brothers to strip naked at night and run home. It is difficult to imagine just how this could be considered a release in a safe place. The court has no duty to give jury instructions that are neither supported by the facts nor that assist the jury. State v. Guster (1981), 66 Ohio St.2d 266, syllabus. Consequently, counsel had no duty to request an instruction that would most assuredly have been rejected by the court.
 III
Ogletree claims that the state failed to produce sufficient evidence to establish the operability of the firearm he used in the commission of the kidnapping and aggravated robbery.
In State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52, paragraph one of the syllabus, the Ohio Supreme Court held that the operability of a firearm may be proven by the use of circumstantial evidence, including any implicit threat made by the individual in control of the firearm.
The state presented sufficient circumstantial evidence of operability. Both brothers testified that Ogletree carried a gun. One of the brothers said it looked like a gun that the police carry; the other described it as an automatic. Ogletree pointed the gun at both and ordered them to the ground. Later, when one of the brothers balked after hearing Ogletree order him to take off his clothes, Ogletree put the gun close to that brother's face and said, Do you want to try me? There was also testimony that Ogletree cocked the hammer of the gun. These facts correspond with other cases in which we have found implicit threats to use a firearm sufficient circumstantial evidence to show operability. See, e.g., State v. Powell, Cuyahoga App. No. 79928, 2002-Ohio-2618; State v. Williams (Oct. 4, 2001), Cuyahoga App. No. 78961; State v. Kelly (Nov. 18, 1999), Cuyahoga App. No. 74912. Ogletree's use of a threat to use the gun as a means of coercing the brothers' compliance to his demands was proof enough that the gun was operable.
 IV
Ogletree next argues that the jury's verdict was against the manifest weight of the evidence primarily on the basis of inconsistencies between the testimony of the brothers concerning how many people were in the house they had been brought to, the ages of the two girls following Ogletree, and the path they used to reach the house.
The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. The jury could find the inconsistencies in testimony by the brothers to be trivial in light of the consistent manner in which they testified to the actual specifics of the offense. And while it is true that the state did not present other witnesses to corroborate their story, it did not need to since Ogletree essentially admitted his role as part of his defense strategy. In opening statement, defense counsel told the jury that Ogletree had the brothers disrobe, shooed them off, and satisfied his motive that evening, which was to teach the boys a lesson, humiliate them. Ogletree also admitted that he carried a BB gun. At the very least, he admitted that he forced the brothers to follow him with the threat of force.
The jury could reasonably find the state established the elements of the aggravated robbery. Ogletree conceded that he forced the brothers to remove their clothes and run away. Neither brother recovered his clothes, and both testified that they saw Ogletree take a tape recorder. Given Ogletree's other admissions, this fact was not so incredible or preposterous as to warrant our disbelief.
Finally, the jury could reasonably disregard Ogletree's version of events, finding he acted with more animus than merely trying to humiliate the boys. His version of events lacked credibility as he claimed to have not even known the brothers were the ones who had jumped him at a party several months earlier. He was forced to rely on another person to identify the brothers as his assailants, and only at that point did he believe he needed to teach them a lesson. The jury could reasonably have found this version of events too tenuous to be credible.
 V
Finally, Ogletree argues that the court erred by sentencing him to consecutive sentences. He appears to concede that the court did arguably make the required findings, but maintains that the court did not adequately state its reasons for making the findings.
Consecutive sentences may be imposed when the court finds either that consecutive sentences are necessary to protect the public from future crime or to punish the offender, and when the court finds that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and that the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses would adequately reflect the seriousness of the crime. See R.C. 2929.14(E)(4).
As conceded by Ogletree, the court adequately stated the relevant statutory findings for imposing consecutive sentences. The court noted that consecutive terms were necessary to protect the public, punish the offender, that consecutive sentences were not disproportionate to his conduct and the danger he poses, the crimes were committed while Ogletree was on parole, the crime was so great or unusual that a single term does not adequately reflect the seriousness of the conduct and that Ogletree's criminal history shows that consecutive terms are needed to protect the public.
The court's reasons for making a finding making those statutory findings were manifest. The court noted that Ogletree had been on parole for only five months at the time of these offenses. Ogletree's prior history of criminal conduct included convictions for felonious assault and robbery.
The court particularly considered the psychological harm to the young teenage victims, who suffered the indignity of being held at gun point and forced to disrobe and run naked through the streets. Rejecting the defense argument that the brothers had not shown obvious psychological harm given their composure during trial, the court said, I don't believe in this court's opinion they'll ever forget this happened to them, especially running down the street with no clothes on after having a gun put to your head. These reasons adequately support the court's decision to impose consecutive sentences. The assigned errors are overruled. Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J., and JAMES J. SWEENEY, J., CONCUR.