JOURNAL ENTRY OPINION
{¶ 1} On November 8, 2002, Joseph Huber filed a timely application for reopening pursuant to App.R. 26(B). He is attempting to reopen the appellate judgment that was rendered by this court in State v. Huber
(Oct. 24, 2002), Cuyahoga App. No. 80616. In that opinion, we affirmed defendant's convictions for one count of kidnapping and two counts of felonious assault, but remanded the matter to the trial court for re-sentencing. The State of Ohio filed a Brief in Opposition to the Application for Reopening on December 5, 2002. For the following reasons, we decline to reopen Huber's original appeal.
 {¶ 2} Initially, we note that Huber failed to comply with App.R. 26(B)(2) which provides, in part:
An application for reopening shall contain all of the following:
* * *
(D) A sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal, which may include citations to applicable authorities and reference to the record * * *.
 {¶ 3} In his application for reopening, Huber did not include such affidavit. His failure to comply with App.R. 26(B)(2)(d) is a sufficient basis for denying the application for reopening. See, e.g., State v.Towns (Oct. 23, 1997), Cuyahoga App. No. 71244, reopening disallowed (May 4, 2000), Motion No. 6308, at 4-5.
 {¶ 4} The doctrine of res judicata also prohibits this court from reopening the original appeal. Errors of law that were either raised or could have been raised through a direct appeal may be barred from further review vis-a-vis the doctrine of res judicata. See, generally, State v.Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 1204. The Supreme Court of Ohio has further established that a claim for ineffective assistance of counsel may be barred by the doctrine of res judicata unless circumstances render the application of the doctrine unjust. State v.Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204.
 {¶ 5} In this case, Huber filed an appeal to the Supreme Court of Ohio. However, on March 19, 2003, the Supreme Court of Ohio dismissed Huber's appeal as not involving any substantial constitutional question. Since the issue of ineffective assistance of counsel was raised or could have been raised, res judicata now bars any further review of the claim.State v. Bluford (Dec. 9, 1999), Cuyahoga App. No. 75228, reopening disallowed (May 31, 2000), Motion No. 15241, at 2, appeal dismissed (2000), 89 Ohio St.3d 1488, 734 N.E.2d 375; State v. Bugg (Oct. 12, 1999), Cuyahoga App. No. 74847, reopening disallowed (Apr. 7, 2000), Motion No. 13465. We also find that applying the doctrine of res judicata would not be unjust.
 {¶ 6} Furthermore, the record indicates that Huber filed a supplemental brief in his direct appeal. Courts have consistently held that res judicata bars an application to reopen when the applicant files a pro se brief. State v. Tyler (1994), 71 Ohio St.3d 398, 643 N.E.2d 1150, cert. denied (1995), 516 U.S. 829, 116 S.Ct. 98, 133 L.Ed.2d 53; Statev. Boone (1996), 114 Ohio App.3d 275, 683 N.E.2d 67; State v. Barnes
(Mar. 24, 1986), Cuyahoga App. No. 50318, reopening disallowed (Mar. 4, 1994), Motion No. 36464; State v. Williams (Oct. 31, 1996), Cuyahoga App. No. 69936, reopening disallowed (Apr. 24, 1997), Motion No. 80441;State v. Larkins (Oct. 8, 1987), Cuyahoga App. Nos. 52779 and 52780, reopening disallowed (Aug. 19, 1996), Motion No. 68671; and State v.Graff (July 13, 2000), Cuyahoga App. No. 74860, reopening disallowed (May 8, 2001), Motion No. 20937.
 {¶ 7} Notwithstanding the above, Huber does not establish that his appellate counsel was ineffective. To establish such claim, Huber must demonstrate that his counsel's performance was deficient and that deficiency prejudiced the defense. Strickland v. Washington (1984),466 U.S. 688, 80 L.Ed.2d 674, 104 S.Ct. 2052; State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373, cert. denied (1990), 497 U.S. 1011,110 S.Ct. 3258.
 {¶ 8} In Strickland, the United States Supreme Court stated that a court's scrutiny of an attorney's work must be highly deferential. The court further stated that it is too tempting for a defendant to second-guess his attorney after conviction and that it would be all too easy for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight. Accordingly, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Strickland, 104 S.Ct. at 2065.
 {¶ 9} In regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate attorney's discretion to decide which issues he or she believes are the most fruitful arguments. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue, if possible, or at most on a few key issues." Jones v. Barnes (1983), 463 U.S. 745, 77 L.Ed.2d 987,103 S.Ct. 3308. Additionally, appellate counsel is not required to argue assignments of error which are meritless. Barnes, supra.
 {¶ 10} Our substantive review of the application to reopen also fails to demonstrate that there exists any genuine issue as to whether applicant was deprived of the effective assistance of appellate counsel. In his first three issues, Huber argues that his trial counsel provided ineffective assistance of counsel, and as a result, now asks this court for a new trial pursuant to Crim.R. 33. However, an application to reopen pursuant to App.R. 26(B) is based upon a claim of ineffective assistance of appellate counsel, not trial counsel. We further note that in these three issues, Huber is not claiming that his appellate counsel was ineffective for not raising ineffectiveness of trial counsel. Accordingly, we find that the first three issues are not well taken and will not be addressed in this opinion.
 {¶ 11} Huber's first issue in which he raises ineffective assistance of appellate counsel states that "Appellate had also informed his appellate counsel in regard to trial counsel's failure to inform the trial judge of R.C. 2905.01(C), release of victim in a safe place unharmed. Reducing the kidnap degree." Huber cites various cases in support of his contention. However, Huber's contention lacks merit.
 {¶ 12} Courts have found that the R.C. 2905.01(C) provision for reducing kidnapping to a second degree felony if the offender releases the victim in a safe place unharmed is a mitigating circumstance, in the nature of an affirmative defense, which the offender bears the burden of proving. State v. Sanders (2001), 92 Ohio St.3d 245, 265, 750 N.E.2d 90, citing State v. Cornute (1979), 64 Ohio App.2d 199, 412 N.E.2d 416. To claim a defense under R.C. 2905.01(C), the offender must show that the victim was released in a safe place and that the victim was unharmed.
 {¶ 13} In this matter, the evidence indicates that in his attempt to escape, Huber held the victim by his tie with one hand and a sharp instrument in the other. When Huber and the victim went back into an office, the officers tackled Huber causing him to let go of the victim's tie. In light of these circumstances, we find that the evidence is more akin to the victim escaping from Huber rather than Huber voluntarily releasing him in a safe place. Accordingly, Huber's first issue is not well taken.
 {¶ 14} In issues two and three, Huber states that he informed appellate counsel that the kidnapping, felonious assault and aggravated robbery charge were allied offenses, and that he informed appellate counsel that all three convictions must be appealed which appellate counsel failed to do. In both these issues, Huber fails to present any substantive argument or authority. Merely asserting error is not sufficient to support issues for applicant to demonstrate that both counsel's performance was deficient and that the deficiency prejudiced him. State v. Kelly (Nov. 18, 1999), Cuyahoga App. No. 74912, reopening disallowed (June 21, 2000), Motion No. 12367. As a consequence, issues two and three are not well taken.
 {¶ 15} In his fourth issue, Huber states that he was denied effective assistance of counsel when counsel included a meritless argument that the quarter-inch thick metal stake with a sharpened point was not a deadly weapon. However, as we stated above, the United States Supreme Court has upheld the appellate advocate's prerogative to select what he thinks are the most promising arguments. Pursuant to the admonitions of the Supreme Court, this court will not second guess the strategy and tactics of appellate counsel.
 {¶ 16} Accordingly, the application to reopen is denied.
ANNE L. KILBANE, J. and SEAN C. GALLAGHER, J., CONCUR