# CITY OF CLEVELAND

## v.

## GLENN.

2003-Ohio-6956.]

Cleveland Municipal Court,
Cuyahoga County, Ohio.

No. 2003 CRB 13921.

Decided Sept. 15, 2003.

**44**

Sanford Watson, Prosecuting Attorney, and Aric Kinast, Assistant Prosecuting Attorney, for plaintiff.

Afred Nimrod, for defendant.

---

EMANUELLA GROVES, Judge.

{¶ 1} On April 29, 2003, the defendant, Terry Glenn, was charged with violation of R.C. 2919.25, domestic violence. The complaint fails to state the victim's name. On July 31, 2003, the defendant filed a motion to dismiss on the basis that the complaint is incurably defective without the name of the victim. The city of Cleveland argued that the complaint should not be dismissed because it can be corrected by an amendment to include the victim's name.

{¶ 2} Crim.R. 7(B) requires an indictment to sufficiently state the charge or offense against a defendant to give the defendant notice of all elements of the offense charged. Crim.R. 7(D) deals with the issue of a complaint containing a defect, imperfection, or omission in form or substance. Under Crim.R. 7(D), the court may permit an amendment provided no change is made in the name or identity of the crime charged.

{¶ 3} In the present case, the defendant requested a dismissal because no victim was named in the complaint. The primary function of a criminal complaint or indictment is to provide the defendant with notice of the charge against him in order to prepare for trial. *State v. Lindway* (1936), 131 Ohio St. 166, 182, 5 O.O. 538, 2 N.E.2d 490. *Lindway* recognizes that a defendant has ample remedies under statute to correct faulty facts in a criminal complaint. Id. at 183, 5 O.O. 538, 2 N.E.2d 490. The prohibition against an amendment in the name or identity of the complaint goes towards the criminal charge, not the identity of the victim. Crim.R. 7(D). An amendment to include the name of the

victim does not result in a failure of justice. *State v. Murray* (1962), 91 Ohio Law Abs. 513, 27 O.O.2d 192, 192 N.E.2d 517. In *Murray*, the court permitted an amendment by interlineation to show the name of the robbery victim. Id. The court found that the defendant was not misled or prejudiced by the defect and that his rights were fully protected by proceeding with the trial. Id.

{¶ 4} In this instance, the defendant has not alleged any prejudice or harm by the failure to state the victim's name. The prosecution has requested to amend the complaint to include the victim's name. A dismissal of the complaint would be an unreasonably extreme measure in response to the defendant's concern regarding the lack of a victim's name alleged in the complaint.

{¶ 5} Moreover, an amendment to include the criminal intent, which is an essential element in all criminal cases, was permitted in *State v. O'Brien* (1987), 30 Ohio St.3d 122, 30 OBR 436, 508 N.E.2d 144. In *O'Brien*, the trial court permitted the prosecution to amend the criminal charge to include recklessness. Id. The appellate court reversed the trial court's decision to permit the amendment. The Ohio State Supreme Court reversed the appellate court's decision on the basis that Crim.R. 7(D) clearly permits errors or omissions to be corrected both during and even after the trial, provided the name or identity of the crime is not changed. Id. at 125, 126, 30 OBR 436, 508 N.E.2d 144. The court considered the impact that the amendment would have on the name of the charge, the penalty, and the degree of the offense. Id. The court found no impact upon any of these and held that the amendment was proper pursuant to Crim.R. 7(D). Additionally, the court upheld the amendment because the defendant failed to demonstrate that he had been misled or prejudiced by the amendment. Id. at 127–128, 30 OBR 436, 508 N.E.2d 144.

{¶ 6} Certainly if a complaint can be amended to include an essential element of the offense during a trial, a complaint can be amended prior to trial to state the identity of the victim. Additionally, the complaint is not the sole source of information available to the defendant regarding the complaint. The defendant may file a request with the prosecuting attorney to furnish a bill of particulars stating specifically the nature of the offense charged and the conduct of the defendant alleged to constitute the offense. Crim.R. 7(E). Moreover, the defendant has failed to demonstrate any prejudice or harm by an amendment that would identify the victim.

{¶ 7} The trial court has discretion to grant an amendment. *State v. Williams* (1988), 53 Ohio App.3d 1, 5, 557 N.E.2d 818. In the present case, the amendment would resolve the defendant's underlying basis for his motion to dismiss without prejudice and without misleading the defendant. Refusal to grant an amendment can be an abuse of discretion. Id. Therefore, the defen-

dant's motion to dismiss is denied, and the prosecuting attorney may amend the complaint to include the victim's name.

Motion denied.