JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Charles Cook appeals from his convictions for kidnaping and felonious assault, arguing that the jury's verdicts contravened the manifest weight of the evidence. We affirm.
 {¶ 2} A three count indictment filed November 21, 2002, charged appellant with arson, felonious assault, and kidnaping. The case proceeded to a jury trial on February 18, 2003. The jury found appellant not guilty of arson but guilty of both felonious assault and kidnaping. In connection with the kidnaping charge, the jury returned an interrogatory finding that the victim was not released in a safe place unharmed. The court then sentenced appellant to six years' imprisonment on the felonious assault charge and eight years' imprisonment on the kidnaping charge, to run concurrently with one another.
 {¶ 3} At trial, the jury heard the testimony of the victim, Sherone Crawford, bar bouncers Marion Patterson and Gregory Zakaib, witness Melissa Matthews, Cleveland Fire Department Lieutenant Gregory Lightcap, and fire investigators Debra Schroeder and Jeffrey Yancey. The victim testified that she met appellant, who was a friend of hers, at Theo's, a strip bar. According to Marion Patterson, one of the bouncers, they came in at approximately 12:30 or 1:00 a.m. Appellant bought the victim a drink. Appellant became angry with the victim when she refused to dance for him. The victim then left the bar, got into her car and began to drive home.
 {¶ 4} The victim saw appellant in a white car behind her. Both cars accelerated, reaching speeds of 40-50 miles per hour. The victim said she thought appellant was playing. As they were going around a bend in the road, she attempted to slow down. Appellant's vehicle collided with hers. At trial, the victim testified that appellant's vehicle struck hers "maybe like twice," but in a statement to police, she said that his vehicle struck hers three times, and the fourth time, her vehicle "spun out." Both cars came to rest on a grassy area. Appellant's vehicle was undamaged.
 {¶ 5} Appellant opened the victim's car door and took her keys. He then told her to get out of the car, which she did. The two argued and pushed each other. Appellant told the victim to get into his car. She did so. He then shut the door. She started to get out but appellant told her not to or he would beat her. The victim began kicking. Appellant told her to stop and "smacked" her once. He then moved her car back onto the street, returned her keys to her, and drove her back to Theo's.
 {¶ 6} The victim refused to go back inside the bar. She walked some 20 minutes back to her vehicle, which she found smoking. It ignited when she opened the door. The police and fire department came and she gave a statement to them. Two days later, she made a written statement to investigators.
 {¶ 7} Both of appellant's assignments of error contend that the jury's verdicts contravened the manifest weight of the evidence.
 {¶ 8} In State v. Thompkins, 78 Ohio St.3d 380 at 387, 1997-Ohio-52, the Supreme Court adopted the test set forth inState v. Martin (1983), 20 Ohio App.3d 172, for review of a claim that a conviction is against the manifest weight of the evidence. The court must consider the entire record, weigh the evidence and its reasonable inferences and the credibility of witnesses, and determine whether in resolving any conflicts, the jury clearly lost its way, thus creating a manifest miscarriage of justice.
 {¶ 9} We are mindful, however, that the weight of the evidence and the credibility of witnesses are matters primarily for the trier of fact. We will not reverse a verdict where the jury reasonably could conclude from substantial evidence that the state has proven the offense beyond a reasonable doubt. State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus;State v. Eley (1978), 56 Ohio St.2d 169.
 {¶ 10} First, appellant urges that the jury clearly lost its way when it determined that he did not release the victim in a safe place unharmed. "The provision in R.C. 2905.01(C)reducing kidnapping to a felony of the second degree `[i]f the offender releases the victim in a safe place unharmed' is a circumstance the establishment of which mitigates a defendant's criminal culpability. It is not an element of the crime of kidnapping, but it is in the nature of an affirmative defense and is to be treated as such." State v. Leslie (1984), 14 Ohio St.3d 343,345 (citing State v. Cornute (1979), 64 Ohio App.2d 199). The jury could reasonably have concluded that the victim was not released in a safe place where the evidence showed the 19-year old female was released in the parking lot of a strip club at approximately 1:00 a.m., without transportation to her car which was a twenty minute walk away.
 {¶ 11} Second, appellant argues that the weight of the evidence did not support the guilty verdict on the felonious assault charge. The indictment charged that appellant "unlawfully and knowingly did cause or attempt to cause physical harm to Sharome [sic] Crawford by means of a deadly weapon or dangerous ordnance, to wit: automobile * * *." One acts knowingly "when he is aware that his conduct will probably cause a certain result." R.C. 2901.22(B). The evidence showed that appellant was following the victim at high speed, and struck her vehicle two to four times, causing her to "spin out" of control. The victim did not know whether appellant struck her purposely or by accident, but a jury could reasonably find that the two vehicles would not have accidentally collided multiple times. The lack of any visible damage to appellant's car also supports the conclusion that the impact was intentional not accidental. The jury could reasonably conclude that appellant knew that the impact of a vehicle collision was likely to injure the victim.
 {¶ 12} Accordingly, we hold that the verdicts were not against the manifest weight of the evidence. We overrule the assignments of error and affirm the judgment of the trial court.
Anthony O. Calabrese, Jr., and Ann Dyke, JJ., concur.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.