JOURNAL ENTRY AND OPINION
{¶ 1} Charles Cook has filed an application for reopening pursuant to App.R. 26(B). Cook is attempting to reopen the appellate judgment that was rendered by this court in State v.Cook, Cuyahoga App. No. 82777, 2004-Ohio-365, which affirmed his conviction for the offenses of kidnapping and felonious assault. For the following reasons, we decline to reopen Cook's original appeal.
 {¶ 2} As mandated by App.R. 26(B)(2)(b), Cook must establish "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment" which is subject to reopening. See, also,State v. Cooey, 73 Ohio St.3d 411, 1995-Ohio-328; State v.Reddick, 72 Ohio St.3d 88, 1995-Ohio-249, 647 N.E.2d 784. Herein, Cook is attempting to reopen the appellate judgment that was journalized on February 9, 2004. The application for reopening was not filed until June 16, 2004, more than ninety days after journalization of the appellate judgment which affirmed Cook's conviction for the offenses of kidnapping and felonious assault. Cook has failed to establish "a showing of good cause" for the untimely filing of his application for reopening. State v. Klein (Apr. 8, 1991), Cuyahoga App. No. 58389, reopening disallowed (Mar. 15, 1994), Motion No. 49260, affirmed (1994), 69 Ohio St.3d 1481; State v. Trammell (July 24, 1995), Cuyahoga App. No. 67834, reopening disallowed (Apr. 22, 1996), Motion No. 70493; State v. Travis (Apr. 5, 1990), Cuyahoga App. No. 56825, reopening disallowed (Nov. 2, 1994), Motion No. 51073, affirmed (1995), 72 Ohio St.3d 317. Thus, the Cook's application for reopening is fatally defective and must be denied.
 {¶ 3} The doctrine of res judicata also prevents this court from reopening Cook's appeal. Errors of law that were either previously raised or could have been raised through an appeal may be barred from further review vis-a-vis the doctrine of res judicata. See, generally, State v. Perry (1967),10 Ohio St.2d 175, 226 N.E.2d 104. The Supreme Court of Ohio has also established that a claim of ineffective assistance of appellate counsel may be barred by the doctrine of res judicata unless circumstances render the application of the doctrine unjust.State v. Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204.
 {¶ 4} Herein, Cook possessed a prior opportunity to raise and argue the claim of ineffective assistance of appellate counsel upon appeal to the Supreme Court of Ohio. Cook, however, failed to file an appeal with the Supreme Court of Ohio and has further failed to provide this court with any reason as to why an appeal was not filed with the Supreme Court of Ohio. State v. Hicks
(Oct. 28, 1982), Cuyahoga App. No. 44456, reopening disallowed (Apr. 19, 1994), Motion No. 50328, affirmed (Aug. 3, 1994),70 Ohio St.3d 1408. Cook has also failed to demonstrate why the circumstances of his appeal render the application of the doctrine of res judicata unjust. Thus, we find that the doctrine of res judicata prevents this court from reopening Cook's appeal.
 {¶ 5} In addition, a substantive review of Cook's brief in support of his application for reopening fails to establish the claim of ineffective assistance of appellate counsel. It is well settled that appellate counsel is not required to raise and argue assignments of error that are meritless. Jones v. Barnes
(1983), 463 U.S. 745, 77 L.Ed.2d 987, 103 S.Ct. 3308. Appellate counsel cannot be considered ineffective for failing to raise every conceivable assignment of error on appeal. Id; State v.Grimm, 73 Ohio St.3d 413, 1995-Ohio-24, 653 N.E.2d 253; Statev. Campbell, 69 Ohio St.3d 38, 1994-Ohio-492, 630 N.E.2d 339. Cook must establish the prejudice which results from the claimed deficient performance of appellate counsel. Finally, Cook must demonstrate that but for the deficient performance of appellate counsel, the result of his appeal would have been different.State v. Reed, 74 Ohio St.3d 534, 1996-Ohio-21, 660 N.E.2d 456. Therefore, in order for this court to grant an application for reopening, Cook must establish that "there is a genuine issue as to whether the applicant was deprived of the assistance of counsel on appeal." App.R. 26(B)(5).
In State v. Reed (1996), 74 Ohio St.3d 534, 535,660 N.E.2d 456, 458, we held that the two prong analysis found inStrickland v. Washington (1984), 466 U.S. 668, 104 S.Ct 2052,80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issue he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful. Thus, [applicant] bears the burden of establishing that there was a "genuine issue" as to whether he was a "colorable claim" of ineffective assistance of counsel on appeal.
 {¶ 6} State v. Spivey, 84 Ohio St.3d 24, 1998-Ohio-704,701 N.E.2d 696, at 25.
 {¶ 7} Cook has failed to demonstrate the existence of ineffective assistance of appellate counsel. Cook argues that his original appellate counsel was ineffective by failing to raise on appeal the issue of sufficiency of the evidence. Specifically, Cook argues that sufficient evidence was not adduced at trial to support his conviction for the offenses of kidnapping a felonious assault.
 {¶ 8} The Supreme Court of Ohio, in State v. Thompkins,
78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541, held that sufficiency of the evidence is a term of art that establishes a legal standard that is applied in order to determine whether the case may proceed to the jury for determination or if the evidence adduced at trial is legally sufficient to support the jury verdict as a matter of law. Id., at 386. Herein, a review of the evidence adduced at trial, as based upon the testimony of the victim, Marion Patterson, Gregory Zakaib, Melissa Matthews, Gregory Lightcap, Debra Schroeder and Jeffrey Yancey, clearly demonstrates that Cook's conviction for the offenses of kidnapping and felonious assault was supported by sufficient evidence. Cook has thus failed to demonstrate that the
 {¶ 9} outcome of his appeal would have been different had appellate counsel raised the issue of sufficiency of the evidence.
 {¶ 10} Accordingly, Cook's application for reopening is denied.
Dyke, P.J., concurs.
 Gallagher, J., concurs.