JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant appellant, Pierson Valenzona, appeals his conviction after a jury trial in the Cuyahoga County Court of Common Pleas. Finding error in the proceedings below, we affirm in part, reverse in part and remand.
 {¶ 2} Valenzona was indicted for one count of rape, one count of gross sexual imposition, and one count of kidnapping with a sexual motivation specification, arising from an incident involving his girlfriend's nineteen-year-old niece on January 27, 2006. Valenzona pled not guilty, and a jury trial ensued.
 {¶ 3} At trial, the victim testified that Valenzona was her aunt's husband (prior to trial, the couple had just married) and the father of her four cousins. The victim testified that she often slept overnight at her aunt and Valenzona's house to spend time with her cousins. On the morning of the incident, the victim's aunt walked one of the children to school while the victim watched the baby, who was approximately ten months old.
 {¶ 4} A few minutes after the aunt left, Valenzona came out of his bedroom, sat down next to the victim on the floor, and without a word, began grabbing her breasts. The victim was shocked, but got up and moved away. Valenzona told the victim that she was beautiful and that he was going to take her to Arizona with him. The victim did not respond. Valenzona went over to the victim, placed his leg over hers, and began grabbing her breasts again. He then moved down her stomach, to her vaginal area. The victim felt pressure in her vaginal area as he tried to penetrate *Page 4 
her with his fingers through her clothes. Valenzona stopped when he heard his wife coming up the stairs. He got up and walked away as if nothing happened.
 {¶ 5} The victim testified that she was scared and felt violated, but she did not tell her aunt when her aunt returned. She testified that her grandmother picked her up an hour later. The victim then called her best friend. Her best friend testified that the victim was crying and upset, and could barely speak. The victim told her best friend that Valenzona "felt her up" and "tried to penetrate her." Her best friend told her to tell her grandmother.
 {¶ 6} The victim told her grandmother, who said she would take care of it. The grandmother did nothing. On February 11, the victim told her brother what happened. He made her tell their mother, who promptly went to the police.
 {¶ 7} Valenzona was found guilty of kidnapping with the sexual motivation specification, as well as gross sexual imposition. He was sentenced to nine years on the kidnapping and eighteen months on the gross sexual imposition. The sentences were ordered to run concurrently. Valenzona appeals, advancing five assignments of error for our review. For the sake of clarity we will address the assignments of error out of order.
 {¶ 8} "II. The trial court erred when it failed to dismiss the indictment for failure to identify the victim and for allowing the prosecution to amend the indictment by replacing `Jane Doe' with the victim's name and date of birth." *Page 5 
 {¶ 9} Valenzona argues that the trial court should have dismissed the indictment because it did not identify "Jane Doe." Valenzona contends that there is no way for him to know that "Jane Doe" is the same victim who was presented to the grand jury.
 {¶ 10} Crim.R. 7(D) permits a court to amend an indictment "in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged." See, also, R.C. 2941.30.
 {¶ 11} A trial court's decision to permit the amendment of an indictment is reviewed under an abuse of discretion standard. State v.Beach, 148 Ohio App.3d 181, 2002-Ohio-2759, at 4|23. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. To demonstrate error, a defendant must show not only that the trial court abused its discretion, but that the amendment prejudiced his defense. Id.
 {¶ 12} It is well settled that an amendment to an indictment which changes the name of the victim changes neither the substance nor the identity of the crime charged. State v. Owens (1975),51 Ohio App.2d 132, 149, citing In re Stewart (1952), 156 Ohio St. 521. See, also,State v. Henley, Cuyahoga App. No. 86591, 2006-Ohio-2728; Cleveland v.Glenn, 126 Ohio Misc.2d 43, 2003-Ohio-6956; State v. Mader (Aug. 30, 2001), Cuyahoga App. No. 78200. *Page 6 
 {¶ 13} We find that the trial court did not abuse its discretion when it allowed the state to amend the indictment to state the victim's name. Further, the amendment did not prejudice Valenzona's defense because he knew who "Jane Doe" was prior to his indictment. Accordingly, Valenzona's second assignment of error is overruled.
 {¶ 14} "IV. The trial court erred when it refused to conduct an in camera inspection of the victim's statement pursuant to Crim.R. 16(B)(1)(g)."
 {¶ 15} A defendant is entitled to a Crim.R. 16(B)(1)(g) in camera inspection of a witness's prior written or recorded statement if it is requested after the direct examination of that witness, but before the completion of cross-examination. State v. Schnipper (1986),22 Ohio St.3d 158.
 {¶ 16} Valenzona claims that the court should have reviewed the original police report which contained the victim's allegations. He argues that the officer's report is a "statement" by the victim. The Ohio Supreme Court has rejected the argument that the incident reports should be considered "witness statements" under Crim.R. 16(B)(1)(g). InState v. Cunningham, 105 Ohio St.3d 197, 2004-Ohio-7007, the court was asked to determine whether incident reports qualified as "witness statements" under Crim.R. 16. The court reiterated that those portions of a testifying police officer's signed report concerning his observations and recollection of the events are statements within the meaning of Crim.R. 16(B)(1)(g); however, those *Page 7 
portions which recite matters beyond the officer's personal observations, such as notes regarding another witness's statement or the officer's investigative decisions, interpretations and interpolations, are privileged and excluded from discovery under Crim.R. 16(B)(2). Id., citing State v. Jenkins (1984), 15 Ohio St.3d 164.
 {¶ 17} In order for a police report to be considered a "statement" for purposes of Crim.R. 16(B)(1)(g), it must be (1) a written statement made by said witness and signed or otherwise adopted or approved by him, or (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital or an oral statement made by said witness and recorded contemporaneously with the making of such oral statement. State v. Brown, Lorain App. No. 04CA008510, 2005-Ohio-2141. "To be `substantially verbatim,' a document must contain a fairly comprehensive reproduction of the witness's words, and continuous, narrative statements made by the witness, and not merely fragmentary notes, jottings, scraps, or writings, or the agent's own interpretations or impressions." State v. Cummings (1985),23 Ohio App.3d 40, quoting State v. Johnson (1978), 62 Ohio App.2d 31, 35-36. See, also, State v. Spraggins, Cuyahoga App. No. 87256, 2006-Ohio-5739,State v. Gray, Cuyahoga App. No. 82045, 2003-Ohio-4670; State v.Atwood (Mar. 22, 1990), Cuyahoga App. No. 56692.
 {¶ 18} In this case, Valenzona wanted the court to review the "Form 10," which is the reporting officer's notes regarding the victim's allegations. The court properly *Page 8 
declined to review the "Form 10," because it was not a statement by the victim but rather the reporting officer's interpretations and interpolations. Valenzona also wanted the court to review the report taken by the Garfield Heights Police Department; however, the Garfield Heights Police Department did not take a report but rather referred the victim to the proper jurisdiction. Accordingly, Valenzona's fourth assignment of error is overruled.
 {¶ 19} "III. The trial court erred when it allowed the prosecution to admit evidence of prior bad acts over the repeated objection of the defense."
 {¶ 20} As a general rule, evidence which tends to show that the accused has committed other crimes or acts independent of the crime for which he stands trial is not admissible to show that he acted in conformity with his bad character. State v. Williamson, Cuyahoga App. No. 80982, 2002-Ohio-6503, citing State v. Elliott (1993),91 Ohio App.3d 763, 770. However, Evid.R. 404(B) states that other acts testimony may be admissible for purposes "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident."
 {¶ 21} Here, the detective was allowed to read Valenzona's entire statement into the record. In the statement Valenzona admits to hitting his wife on a prior occasion and using illegal drugs while living in another state. The state argues that evidence of physical, emotional, and verbal abuse upon the victim or other family members, even if not included in the indictment, has been permitted in numerous jurisdictions, including this one, citing Williamson, supra. *Page 9 
 {¶ 22} We find that Williamson is inapplicable to the case at bar. InWilliamson, the victim was the defendant's seven-year-old stepdaughter who lived with him. The victim informed her social worker about the defendant's domestic violence and drug use. This court found the other acts evidence to be relevant and probative to the method of control used by the defendant to rape and sexually abuse the victim. Likewise inState v. Williams (Oct. 7, 1999), Cuyahoga App. No. 74840, the evidence of physical and psychological abuse that transpired in the victim's home between the defendant and the victim was admissible because it was relevant to the issue of control used to force sex upon the victim.
 {¶ 23} In this case, the victim did not witness Valenzona hit his wife or use drugs. Therefore, the other acts testimony was irrelevant and prejudicial. Nevertheless, if there is no reasonable possibility that improperly admitted testimony concerning other acts contributed to the defendant's conviction, then the admission constitutes harmless error.State v. Elliott (1993), 91 Ohio App. 3d 763, 771, citing State v.Lytle (1976), 48 Ohio St.2d 391, vacated in part on other grounds (1978), 438 U.S. 910.
 {¶ 24} Here, the credibility of both the victim and Valenzona was at issue. Although this evidence presented Valenzona in a bad light, we cannot say that it led to his conviction. The victim testified as to each and every element, and the jury believed the victim. We find that the testimony regarding the prior bad acts was *Page 10 
inconsequential and did not contribute to Valenzona's conviction. Accordingly, its admission was harmless error. Valenzona's third assignment of error is overruled.
 {¶ 25} "V. The trial court erred when it failed to identify what degree of felony kidnapping constituted in the verdict form and failed to state all the elements for a finding by the jury."
 {¶ 26} Valenzona argues that the trial court should have instructed the jury what degree of felony the kidnapping charge was. Further, he claims the court should have allowed the jury to make a finding as to whether the victim was released in a safe place unharmed.
 {¶ 27} The provision in R.C. 2905.01(C) reducing kidnapping to a felony of the second degree "[i]f the offender releases the victim in a safe place unharmed" is a circumstance the establishment of which mitigates a defendant's criminal culpability. It is not an element of the crime of kidnapping, but it is in the nature of an affirmative defense and is to be treated as such. State v. Cook, Cuyahoga App. No. 82777, 2004-Ohio-365; State v. Leslie (1984), 14 Ohio App. 3d 343, 345;State v. Cornute (1979), 64 Ohio App.2d 199.
 {¶ 28} In order to find a defendant guilty of kidnapping pursuant to R.C. 2905.01, there is no requirement on the part of the state to allege or establish that the defendant failed to release the victim in a safe place unharmed. Id. If, at trial, the defendant puts forth any evidence tending to establish that the victim was *Page 11 
released in a safe place unharmed, the court is required to submit this issue to the jury under proper instructions. Id.
 {¶ 29} Nevertheless, this court has held that the "safe place unharmed" provision of R.C. 2905.01(C) is inapplicable when the victim is raped before being returned. State v. Edwards (Sept. 4, 1997), Cuyahoga App. No. 70467; citing State v. Copeland (Feb. 9, 1989), Cuyahoga App. No. 55029.
 {¶ 30} In this case Valenzona was charged with rape, gross sexual imposition, as well as kidnapping; therefore, he was not entitled to an instruction on "safe place unharmed." Furthermore, Valenzona put forth no evidence tending to establish that the victim was released in a safe place unharmed. Therefore, the court was not required to submit this issue to the jury. Accordingly, Valenzona's fifth assignment of error is overruled.
 {¶ 31} "I. The trial court failed to merge the kidnapping into the gross sexual imposition as there was only one animus as to the restraint element."
 {¶ 32} Valenzona argues that the trial court should have merged his conviction for kidnapping into his conviction for gross sexual imposition pursuant to R.C. 2941.25(A). The state argues that the convictions should not merge because there was a separate animus for each crime.
 {¶ 33} R.C. 2941.25(A) states the following: "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but *Page 12 
the defendant may be convicted of only one." R.C. 2941.25(B) permits a court to punish a defendant for multiple offenses of dissimilar import.State v. Blankenship (1988), 38 Ohio St.3d 116, 117. If, however, a defendant's actions "can be construed to constitute two or more allied offenses of similar import," the defendant may be convicted (i.e., found guilty and punished) of only one. R.C. 2941.25(A). But if a defendant commits offenses of similar import separately or with a separate animus, he may be punished for both pursuant to R.C. 2941.25(B). State v.Jones (1997), 78 Ohio St.3d 12, 13-14.
 {¶ 34} The applicable test for deciding whether two offenses are allied offenses of similar import is as follows: If the elements of the crimes "`correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import.'" Id. at 13, quoting Blankenship,38 Ohio St.3d at 117. If the elements do not so correspond, the offenses are of dissimilar import, and the court's inquiry ends — the multiple convictions are permitted. R.C. 2941.25(B). In State v. Rance (1999),85 Ohio St.3d 632, 636, the Supreme Court of Ohio determined that the court should contrast the statutory elements in the abstract.
 {¶ 35} R.C. 2907.05(A)(1) requires the offender to compel another to have sexual contact by force or the threat of force for the offense of gross sexual imposition to occur. The offense of kidnapping under R.C.2905.01(A)(2) and (A)(4) is complete when a person uses force to remove or restrain another in order to *Page 13 
engage in sexual activity. Therefore, the offense of gross sexual imposition by use of force necessarily involves the offense of kidnapping because the use of force will at least restrain the victim's movement. State v. Shilling (Aug. 5, 1997), Franklin App. No. 97APA01-43; State v. Jude (Feb. 18, 1994), Wood App. No. 92WD101.
 {¶ 36} Furthermore, in State v. Logan (1979), 60 Ohio St.2d 126, 397
N.E.2d 1345, the Supreme Court of Ohio held that "where the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions." Id. at paragraph (a) of the syllabus. Conversely, the Logan court recognized that where the asportation or restraint "subjects the victim to a substantial increase in risk of harm separate and apart from * * * the underlying crime, there exists a separate animus." Id. at paragraph (b) of the syllabus. Here, the act of putting his leg over the victim was incidental to the underlying crime of gross sexual imposition. We agree, therefore, that Valenzona's convictions for gross sexual imposition and kidnapping merge because they are allied offenses of similar import. Nevertheless, we disagree that the kidnapping charge, a felony of the first degree, merges into the gross sexual imposition charge, a felony of the third degree. "Public policy suggests that where two charges are allied offenses of similar import, the offense with the *Page 14 
longer sentence should be preferred over the offense with the shorter sentence." State v. Jude (Feb. 18, 1994), Wood App. No. 92WD101, quotingState v. Whitt (Dec. 5, 1989), Montgomery App. No. 11803.
 "The reasons underlying this policy can be best illustrated by way of an example. Assume that two defendants have been arrested and indicted. Both defendants are guilty of Attempted Rape, an offense carrying a penalty of incarceration for five to fifteen years, and the circumstances of the offenses are substantially identical. The first defendant is not charged with any other offense, but the second defendant, is additionally charged with, and is guilty of, Gross Sexual Imposition, an offense carrying a penalty of incarceration for a period of one to two years, under circumstances in which it and the Attempted Rape charge constitute allied offenses of a similar import. If the second defendant were entitled to be convicted and sentenced only on the lesser charge of Gross Sexual Imposition, in preference to the Attempted Rape charge, he would thereby be placed in a better position than the first defendant as a result of his having committed an additional offense — clearly an absurd result. There is no reason why a defendant who has committed two offenses of a similar import should be placed in a better position than a defendant who has committed only one of these offenses.
 "Vacation of the shorter of two sentences where state law permits the imposition of only one sentence, and leaving intact the longer of two sentences, subject to credit for time served, has withstood a Double Jeopardy attack * * *. State v. Jones (1989), 57 LW 4762[491 U.S. 396]." Id.
 {¶ 37} On the facts of this case, we find that Valenzona's conviction for gross sexual imposition merges into his conviction for kidnapping. Accordingly, Valenzona can be sentenced only on the kidnapping charge, and the trial court erred when it sentenced Valenzona on the gross sexual imposition charge. *Page 15 
 {¶ 38} The judgment of conviction for gross sexual imposition is reversed; the cause is remanded to the trial court to merge Valenzona's convictions.
 {¶ 39} Judgment affirmed in part and reversed in part and case remanded.
It is ordered that appellant and appellee share the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 Patricia Ann Blackmon, J., and Melody J. Stewart, J., concur. *Page 1