THE STATE OF OHIO, APPELLEE, *v.* SCHNIPPER, APPELLANT.

[Cite as State *v.* Schnipper (1986), 22 Ohio St. 3d 158.]

(No. 85-23—Decided February 19, 1986.)

*Lee C. Falke,* prosecuting attorney, and *Walter F. Ruf,* for appellee. *Denny, Malloy & Cox* and *Steven M. Cox,* for appellant.

*Per Curiam.* Appellant's motion for leave to appeal was granted on the limited issue of whether the trial court's failure to conduct an *in camera* inspection of the police report, prior to prohibiting its use in the cross-examination of Officer Hensley, was in contravention of Crim. R. 16(B). Crim. R. 16(B)(1) provides, in relevant part:

"(g)  *In camera inspection of witness' statement.* Upon completion of a witness' direct examination at trial, the court on motion of the defendant shall conduct an in camera inspection of the witness' written or recorded statement with the defense attorney and prosecuting attorney present and participating, to determine the existence of inconsistencies, if any, between the testimony of such witness and the prior statement.

"If the court determines that inconsistencies exist, the statement shall be given to the defense attorney for use in cross-examination of the witness as to the inconsistencies.

"If the court determines that inconsistencies do not exist the statement shall not be given to the defense attorney and he shall not be permitted to cross-examine or comment thereon. * * *"

It is clear that under Crim. R. 16(B)(1)(g) a defendant must move for an *in camera* inspection of a witness' prior written statement if he intends to cross-examine the witness on apparent inconsistencies between the prior statement and the witness' testimony on direct examination. This motion can be made at any time after completion of the witness' direct ex-

amination, but prior to the completion of the witness' cross-examination. In the instant case, the defendant did not move for an *in camera* inspection, but defense counsel nevertheless attempted to cross-examine Officer Hensley on his statement in the police report. The state's objection to this line of questioning was sustained after an off-the-record discussion between counsel and the trial judge. Following Officer Morgan's testimony on direct examination, defense counsel stated that he had no questions, "[b]ased upon a prior ruling of the court," and that he would like to make a proffer. In chambers, defense counsel proffered that he would have used the police report to show that the police officers' testimony (that only one person had followed the appellant out of Jimmie's Lounge) was inconsistent with their report, which stated that *several* persons had followed appellant out of Jimmie's.

In *State* v. *Jenkins* (1984), 15 Ohio St. 3d 164, at 223-226, we discussed the relationship between Crim. R. 16(B)(1)(g) and 16(B)(2) (which generally prohibits the discovery or inspection of prosecutorial reports), and we noted that "those portions of a testifying police officer's signed report concerning his observations and recollection of the events are 'statements' within the meaning of Crim. R. 16(B)(1)(g)" and therefore excepted from the general prohibition of Crim. R. 16(B)(2). *Id.* at 225. We also emphasized, however, that a "defendant cannot be heard to complain on appeal about a matter which the trial judge could have remedied if the defense had complained then." *Id.* at 226. When, as in the instant case, a defendant fails to move the court to inspect a police report, he cannot later complain that he was wrongfully denied the opportunity to cross-examine a testifying officer on apparent inconsistencies between the officer's testimony and the statements contained in his report.

Based on the foregoing, it is clear that *no error was committed* when the trial court sustained the state's objection to the appellant's attempted cross-examination of Officer Hensley on the statements contained in his police report.[1] While a trial court *sua sponte* may inspect statements in a police report, it has no obligation to conduct such an inspection absent a motion by the defense. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

---

[1] We note that even if appellant had properly moved the court for an *in camera* inspection of the police report in question and such motion had been denied, the resulting error would have been harmless. Any dispute as to the number of persons who followed appellant out of Jimmie's Lounge was largely irrelevant to the central issues of appellant's trial. Appellant, himself, stated that he did not know how many people followed him out of the lounge, and the alleged inconsistency between the testimony of Lieutenants Hensley and Morgan and the statements contained in their police report was not so substantial as to cast doubt upon the officers' credibility.

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN and WRIGHT, JJ., concur.

DOUGLAS, J., concurs in judgment only.