Defendant Leonard R. Wood, Sr., appeals a judgment of the Court of Common Pleas of Richland County, Ohio, which convicted and sentenced appellant on four counts of rape in violation of R.C. 2907.02, after a jury found him guilty. Appellant assigns five errors to the trial court:
ASSIGNMENTS OF ERROR
 I. THE COURT COMMITTED REVERSIBLE ERROR WHEN IT REFUSED TO PROVIDE THE DEFENDANT WITH THE INTAKE SUMMARY OF THE STATE'S WITNESS, LINDA BIDDLE, AFTER AN IN-CAMERA REVIEW.
 II. THE COURT COMMITTED REVERSIBLE ERROR WHEN IT OVERRULED THE DEFENDANT'S MOTION FOR A NEW TRIAL ON THE BASIS OF JUROR MISCONDUCT.
 III. THE COURT COMMITTED REVERSIBLE ERROR WHEN IT OVERRULED THE DEFENDANT'S MOTION TO DISMISS AND DISCHARGE THE DEFENDANT ON THE BASIS OF DOUBLE JEOPARDY.
 IV. THE COURT COMMITTED REVERSIBLE ERROR WHEN IT OVERRULED THE DEFENDANT'S MOTION TO SUPPRESS STATEMENTS GIVEN TO THE RICHLAND COUNTY SHERIFF'S OFFICE WHILE THE DEFENDANT WAS CONFINED IN A MENTAL INSTITUTION.
 V. THE COURT COMMITTED REVERSIBLE ERROR WHEN IT OVERRULED THE DEFENDANT'S MOTION TO EXCLUDE POLYGRAPH REPORT AND THE TESTIMONY OF SERGEANT REIGLE AND THE DEFENDANT'S MOTION TO INSTRUCT THE JURY TO DISREGARD SAID POLYGRAPH REPORT AND SAID TESTIMONY.
The record indicates the appellant raped his thirteen year old slightly retarded daughter, Sherry, on four occasions.
 I
At trial, the State presented the evidence of Linda Biddle, a social worker from the Richland County Children's Services, who investigated Sherry's allegations of sexual abuse. As part of her investigation, Biddle prepared an intake summary including statements Sherry made. Defense counsel requested a copy of the intake summary so he could cross-examine the alleged victim regarding inconsistencies in the story she told Biddle and her testimony at trial. The court conducted anin camera review of the intake statement out of the presence of the prosecutor and the defense counsel, and found it was not a witness statement. The court ruled the defendant was not entitled to disclosure of the summary.
Appellant argues Crim. R. 16 permits him to discover all evidence of which the prosecutor is aware, which is favorable to the defendant and material either to the issue of guilt or punishment. As appellant correctly points out, the rule is a codification of the United States Supreme Court directive inBrady v. Maryland (1963), 373 U.S. 83 and United States v.Bagley (1985), 473 U.S. 667.
Here, defense counsel filed a discovery motion prior to trial, but during the course of the trial, Biddle revealed she had completed an intake summary, which consisted of her notes taken during the interview of the alleged victim. It is undisputed there are factual inconsistencies between the summary and the victim's trial testimony, including whether or not one of the rapes occurred on a school day or a holiday, some of the positions and places where the rapes occurred, and allegations to Biddle of certain sexual acts which were not mentioned at trial. Appellant argues the inconsistencies should have been revealed to the defense so the victim might have been cross-examined on those matters, particularly because the credibility of the minor victim was a key part of the prosecution's case.
As the Supreme Court noted in Brady, supra, the question is not whether the defendant would have received a different result, but whether, by not receiving the evidence, the defendant was deprived of a fair and reliable trial.
The State argues appellant was not deprived of a fair and reliable trial, because the State's case did not depend just on the testimony of the victim, but rather, on a great deal of other evidence. Appellant confessed that Sherry was telling the truth, and explained that the rapes occurred because he was "horny" having just gotten out of Massillon State Hospital. The State produced evidence the defendant had failed a polygraph examination. The State also presented medical evidence in support of the allegations.
First of all, the Ohio Supreme Court has held the court must conduct an in camera inspection of a statement in the presence of counsel, and permitting them to participate, see State v.Daniels (1982), 1 Ohio St.3d 69. Crim. R. 16 requires defense attorney and prosecuting attorney be present and participate to determine the existence of an inconsistencies. In State v.Shnipper (1986), 22 Ohio St.3d 158, the Supreme Court noted the inconsistencies must be directed to the essential issues of the trial, and not irrelevant detail.
We have reviewed the record, and we find the court should have provided the witness statement to counsel so appellant could effectively cross-examine the victim and Biddle regarding the event. However, we also find, pursuant to the U.S. Supreme Court directive in Brady, supra, the reliability of appellant's trial was not undermined by the court's omission, and thus, we conclude the court did not commit prejudicial error herein.
The first assignment of error is overruled.
 II
In his second assignment of error, appellant urges the court committed prejudicial error in overruling his motion for a new trial. Appellant asserts shortly after the jury found appellant guilty, trial counsel received an anonymous letter from one of the jurors, indicating the juror had believed appellant was innocent but was pressured by the other jurors to sign the verdict form. Counsel investigated, identified the juror, and obtained her affidavit in support of the motion for new trial.
Ohio Evid. R. 606 (B), commonly known as the aliunde rule, requires a challenge to the validity of the verdict to contain evidence outside the jury room. The rule embodies the tradition of protecting and preserving the integrity of jury deliberations by declaring jurors to be generally incompetent to testify as to any matter directly pertinent to the jury's deliberations, in order to protect the finality of the verdict and to insulate jurors from harassment by the losing party, seeState v. Schiebel (1990), 55 Ohio St.3d 71.
In order to impeach a verdict with former juror testimony, the challenger must establish a foundation of independent and extraneous evidence, including evidence from sources other than the jurors themselves, see Wicker v. Cleveland (1948), 150 Ohio St. 434.
The trial court found the allegations in the juror's affidavit here, were insufficient to set aside a verdict. The court noted the defense was offered an opportunity to have the jurors polled on the verdict before they were dismissed, but counsel declined. The court indicated this particular juror spoke with the judge immediately after the jury was discharged, and in no way indicated she was uncomfortable with the decision just rendered.
In Schlibel, supra, the Supreme Court reminded us our standard of reviewing a court's ruling on a motion for new trial is the abuse of discretion standard. The Supreme Court has frequently defined the term abuse of discretion as implying the court's attitude is unreasonable, arbitrary, or unconscionable, see State v. Adams (1980), 62 Ohio St.2d 151 at 157.
We have reviewed the record, and we find the trial court did not abuse its discretion in overruling the motion for new trial.
The second assignment of error is overruled.
 III
Appellant's first trial in this matter ended with a hung jury. The court discharged the jury and declared a mistrialsua sponte. The prosecution moved to dismiss the original indictment, and re-indicted the defendant. Appellant moved to dismiss and discharge based upon double jeopardy, and the court overruled his motion.
Appellant's first indictment contained two counts of rape, while the second indictment charged four counts of rape, occurring on January 15, 16, 17, and 18, of 1996. Appellant argues the State may not dismiss a two-count indictment upon which the jury was unable to reach a verdict and then re-indict upon a four-count indictment charging new offenses.
Appellant concedes a mistrial because of a hung jury is not an occurrence which bars a re-trial, but, he urges the prosecution did not re-try him on the original indictment, but rather doubled the potential penalty he faced by adding counts. Appellant also urges dismissal of the first indictment operated as an acquittal, and thus, he cannot be retried on either the new indictment or the old one.
In State v. Broughton (1991), 62 Ohio St.3d 253, the Ohio Supreme Court found where the trial judge in the first trial does not contemplate an end to the prosecution of the defendant, and did not make a decision regarding the guilt or innocence of the defendant, there is no bar to retrial. The State cites us to State v. Richardson (1984), 468 U.S. 317, wherein the United States Supreme Court found a mistrial due to a hung jury is not an event which terminates the original jeopardy and triggers double jeopardy problems.
We have reviewed the record, and we find appellant's guilt or innocence of the offenses of which he was accused was never determined in the first case, and for this reason the dismissal of the first indictment and filing of the second did not prevent a trial on double jeopardy grounds.
The third assignment of error is overruled.
 IV
Next, appellant challenges the court's refusal to suppress certain statements appellant made to investigating officers. Appellant filed a motion to suppress all statements made to law enforcement officials on February 20, 1996.
On that day, Sergeant McBride of the Richland County Sheriffs office contacted appellant while he was confined in Richland Hospital, a mental health hospital in Richland County. Appellant made three separate statements. After making the first statement, the appellant indicated he no longer wished to talk about the incidents. Thereafter, there is approximately a forty minute gap not recorded on the tape recorder, during which time appellant alleges he and Sergeant McBride discussed the matter. Sergeant McBride later started the tape recorder again and did not reissue the warnings required by the United States Supreme Court in Miranda v. Arizona (1966),384 U.S. 436. Instead, the officer merely began to take another statement from appellant. As the second statement drew to a close, the appellant struck Sergeant McBride's hand and knocked the tape recorder away, which the court found was as indication appellant wished to stop. There is another five minute gap, whereupon Sergeant McBride turned the tape recorder back on and took a third taped statement from appellant.
The court ruled the officer did not have to give theMiranda warnings again, and the second statement was voluntary.
Appellant points out he may invoke his right to remain silent at any time, and once he has indicated his wish, newMiranda warnings must be given so he may decide if he wishes to intelligently waive his rights and make another statement.
The State notes appellant was not in custody on February 20, 1996, and appellant initiated the contact with Officer McBride. McBride informed appellant that he was not under arrest, butMirandized him before taking the initial statement. In fact, the most incriminating statements were made during the unrecorded interval.
The court cited State v. Roberts (1987), 32 Ohio St.3d 225, as authority for the proposition the initial Miranda warnings were effective to protect appellant's rights, and the court applied the totality of the circumstances test to determine if the statements were voluntary with regard to the second segment. The court suppressed the statements contained in segment three, after appellant slapped the tape recorder out of Sergeant McBride's hand.
We have reviewed the record, and we find nothing to support appellant's argument he was coerced or otherwise forced into making the second taped statement. Appellant asks us to speculate regarding what occurred during the time the tape recorder was not playing.
We find the trial court did not err in overruling appellant's motion to suppress some of the statements he made on February 29. Accordingly, the fourth assignment of error is overruled.
 V
In his final assignment of error, appellant urges the court erred in overruling his motion to exclude the polygraph report and the testimony of the polygraph examiner because the charts and graphs on which the polygraph examiner relied were not admitted into evidence.
In State v. Souel (1978), 53 Ohio St.2d 123, the Ohio Supreme Court set forth the requirements for admissibility of the results of a polygraph test. The conditions include a written stipulation made by the prosecutor or the defendant, and defense counsel providing for the defendant's submission to the test and for the subsequent admission at trial of the graphs and the examiner's opinion based upon the graphs.
At trial, the polygraph examiner testified at length regarding the graphs and charts from the polygraph examination, and appellant marked the charts as a defense exhibit. Neither the State nor the defense moved the exhibit be admitted into evidence, and as a result, appellant moved the court to exclude all evidence of the polygraph examination and instruct the jury to disregard the polygraph report and testimony.
As the State points out, nothing prevented appellant from asking for admission of the charts and graphs, and appellant closely cross-examined the polygraph expert regarding the results. Further, defense counsel established through cross-examination it requires an expert to review the polygraph examination charts and understand what the results mean. Defense counsel established the jurors would be unable to look at the charts and determine what they meant.
We find appellant was not prejudiced by the omission of the polygraph examination charts, particularly after extensive discussion of the charts and the results both on direct and cross.
The fifth assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, J., Wise, P.J., and Reader, V. J., concur.
--------------------
--------------------
 -------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.
--------------------
--------------------
 -------------------- JUDGES