DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Arlin Brown, appeals from his conviction for felonious assault out of the Lorain County Court of Common Pleas. This Court affirms.
 I. {¶ 2} Appellant was indicted on one count of aggravated robbery, in violation of R.C. 2911.01(A)(1)/2911.01(A)(3), and one count of felonious assault, in violation of R.C. 2903.11(A)(1)/2903.11(A)(2). The State dismissed the count of aggravated robbery, and the matter proceeded to trial on the remaining count of felonious assault. At the conclusion of trial, the jury found appellant guilty of felonious assault. The trial court subsequently sentenced appellant to three years in prison for the offense of felonious assault. Appellant timely appeals his conviction, setting forth four assignments of error for review.
 II. ASSIGNMENT OF ERROR I
"The trial court's decision to permit sgt. jasinski to testify as to out of court hearsay statements made by katie levitsky violated appellants [sic] right to confront the witnesses against him as guaranteed by the sixth amendment to the united states constitution."
 {¶ 3} Appellant argues that the trial court improperly allowed the introduction of hearsay evidence in support of the State's case, and without which the State would have been unable to prove appellant's guilt beyond a reasonable doubt. This Court disagrees.
 {¶ 4} The decision to admit or exclude evidence lies in the sound discretion of the trial court. State v. Sage (1987), 31 Ohio St.3d 173,180. This Court, therefore, reviews the trial court's decision regarding evidentiary matters under an abuse of discretion standard of review. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.
 {¶ 5} Appellant argues that the trial court allowed Sgt. Jasinski, a detective who investigated the circumstances underlying the felonious assault, to testify as to inadmissible hearsay, i.e., statements made by appellant's girlfriend, in violation of appellant's constitutional right to confront his girlfriend as a witness. Specifically, appellant argues that Sgt. Jasinski improperly testified as to statements made by appellant's girlfriend Katie Levitsky regarding appellant's ownership of a handgun. Appellant argues that, without such testimony, the State was unable to prove its case beyond a reasonable doubt.
 {¶ 6} A review of the record indicates that appellant did not object at trial to Sgt. Jasinski's testimony regarding what he learned during his investigation about any connection between appellant and a handgun. Because appellant failed to object to the admission of such testimony before the trial court, he has waived his right to raise the issue on appeal. State v. Widman (May 16, 2001), 9th Dist. No. 00CA007681, citingSchade v. Carnegie Body Co. (1982), 70 Ohio St.2d 207, 210. Therefore, this Court need not address the merits of this argument, because appellant's argument is deemed to have been waived.
 {¶ 7} In addition, appellant argues that the trial court improperly admitted hearsay evidence, i.e., testimony by the victim as to indeterminate statements made by appellant's brother at the time of the assault.
 {¶ 8} Appellant argues that the admission of this evidence violated his Sixth Amendment right to confrontation. The Sixth Amendment to the United States Constitution provides, in relevant part: "In all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him[.]" Appellant cites the recent United States Supreme Court case of Crawford v. Washington (2004), 541 U.S. 36,158 L.Ed.2d 177, as supporting authority for his argument. The Crawford
Court held that testimonial statements must be excluded unless the State demonstrates that the witnesses are unavailable and that the defense had a prior opportunity to cross-examine the witnesses. Id.
 {¶ 9} In regard to appellant's challenge to the admission of statements by appellant's brother, this Court finds appellant's reliance on Crawford misplaced. The holding in Crawford is only applicable to statements that constitute hearsay. Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). It is axiomatic that statements that are not intended to prove the truth of what was said are not hearsay. State v. Davis (1991),62 Ohio St.3d 326, 343. In this case, the statements to which appellant objects are not hearsay, because they were not offered to establish the truth of the matter asserted.
 {¶ 10} This Court finds that Tony Pawlowski's testimony that appellant and his brother Justin Brown were "arguing, yelling something, maybe how serious it actually was " after the assault did not constitute hearsay. Pawlowski testified that he did not recall what Justin Brown said at that time, so there was no specific out-of-court statement attributed to the unavailable witness.
 {¶ 11} Because appellant waived any challenge to Sgt. Jasinski's testimony relating to Katie Levitsky's statements regarding appellant's ownership of a handgun, and because Tony Pawlowski's testimony regarding indeterminate statements by Justin Brown are not hearsay, this Court finds that the trial court did not abuse its discretion by admitting them. Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"Appellant's conviction was against the manifest weight of the evidence[.]"
 {¶ 12} Appellant argues that his conviction for felonious assault is against the manifest weight of the evidence, because the State failed to prove that the victim suffered serious physical harm. This Court disagrees.
"In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, paragraph one of the syllabus.
This discretionary power should be exercised only in exceptional cases where the evidence presented weighs heavily in favor of the defendant and against conviction. Id. Further, "[b]ecause sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." State v. Hoehn, 9th Dist. No. 03CA0076-M, 2004-Ohio-1419, at ¶ 37, quoting State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462.
 {¶ 13} In this case, appellant was convicted of felonious assault, in violation of R.C. 2903.11(A)(1),[1] which states:
"(A) No person shall knowingly * * *: (1) Cause serious physical harm to another or to another's unborn[.]"
 {¶ 14} R.C. 2901.01 defines "serious physical harm to persons" as any of the following:
"(a) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;
"(b) Any physical harm that carries a substantial risk of death;
"(c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;
"(d) Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement;
"(e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain."
 {¶ 15} R.C. 2901.01(3) defines "physical harm to persons" as "any injury, illness, or other physiological impairment, regardless of its gravity or duration."
 {¶ 16} At trial, the State presented testimony by the victim Tony Pawlowski, who described the assault and resulting injury. The victim testified that appellant walked quickly toward him and, without hesitating, hit him over the head with a handgun. Pawlowski testified that the impact resulted in a wide cut on the side of his head, which bled profusely. In fact, the victim testified that he was afraid he might die from his injury because of the amount of blood he was losing. Detective Molnar of the Amherst Police Department testified that he recovered blood from various locations in the home where the victim was assaulted. Pawlowski's medical records indicated that the head injury necessitated five staples to close the wound. Pawlowski testified that, although the injury did not hurt at first, he immediately became "a little delusional," and as he tried to run away, he fell down and began seizing and convulsing on the floor. The victim testified that, after he ran out of the house and to his car, his whole body felt numb, like the sensation of a hand falling asleep. In addition, Pawlowski testified that he still has a scar from the injury.
 {¶ 17} The weight of the evidence supports the conclusion that the victim suffered a serious physical injury as a result of the assault. The victim suffered some temporary, substantial incapacity, while he was disoriented and suffering a seizure on the floor. The lingering scar on the victim's head currently constitutes a permanent disfigurement.
 {¶ 18} A thorough review of the record compels this Court to find no indication that the jury lost its way and committed a manifest miscarriage of justice in convicting appellant of felonious assault. This Court finds that appellant's conviction was not against the manifest weight of the evidence and, further, that there was sufficient evidence to support the jury's verdict in this case. Consequently, appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR III
"The trial court erred by denying appellant's motion for judgment of acquittal pursuant to Rule 29 of the ohio rules of criminal procedure[.]"
 {¶ 19} Appellant argues that the trial court erred in denying appellant's Crim.R. 29 motion for acquittal, because the State failed to present sufficient evidence that the victim suffered serious physical harm. This Court disagrees.
 {¶ 20} Crim.R. 29 states, in relevant part:
(A) Motion for judgment of acquittal. The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses."
 {¶ 21} This Court previously stated in State v. Stevens (Apr. 10, 2002), 9th Dist. No. 01CA007893:
"A review of the weight of the evidence determines whether the state has met its burden of persuasion. This court has observed that `becausesufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency.'" (Internal citations omitted.)
Because this Court has already found that appellant's conviction was supported by the weight of the evidence, we necessarily find that there was sufficient evidence to support appellant's conviction. Accordingly, appellant's third assignment of error is overruled.
 ASSIGNMENT OF ERROR IV
"The trial court erred in denying the admission into evidence of state's [sic] Exhibit B which contained prior inconsistent statements of witnesses[.]"
 {¶ 22} Appellant's statement of his fourth assignment of error concerns the trial court's denial of admission into evidence of State's [sic] exhibit B, consisting of police reports. However, appellant argues in his brief that the trial court erred in failing to conduct an in camera inspection of the victim's affidavit in support of a search warrant, which was incorporated in exhibit A.
 {¶ 23} As a preliminary matter, this Court notes that the State's exhibits were identified by numerical designation. The transcript indicates that it was appellant's exhibits which were identified by alphabetical designation. Further, this Court notes that the transcript indicates that defendant's/appellant's exhibits A and B were marked for identification after discussion off the record at the conclusion of voir dire, but prior to the court's preliminary instructions and opening statements. Defendant's/appellant's exhibit A was the affidavit executed by the victim in support of a search warrant. Appellant later withdrew exhibit A. Defendant's/appellant's exhibit B consisted of police reports.
 {¶ 24} Appellant cites Crim.R. 16(B)(1)(g) in support of his argument that the trial court erred in failing to conduct an in camera inspection of exhibit A, which appellant claims contained sworn statements inconsistent with the victim's testimony at trial. Crim.R. 16 states, in pertinent part:
"(B) Disclosure of evidence by the prosecuting attorney.
"(1) Information subject to disclosure.
"(g) In camera inspection of witness' statement. Upon completion of a witness' direct examination at trial, the court on motion of the defendant shall conduct an in camera inspection of the witness' written or recorded statement with the defense attorney and prosecuting attorney present and participating, to determine the existence of inconsistencies, if any, between the testimony of such witness and the prior statement."
 {¶ 25} The State argues persuasively that appellant cannot assign as error the trial court's failure to conduct an in camera inspection, where appellant failed to move the court for such inspection. The Ohio Supreme Court has stated that "[i]t is clear that under Crim.R. 16(B)(1)(g) a defendant must move for an in camera inspection of a witness' prior written statement if he intends to cross-examine the witness on apparent inconsistencies between the prior statement and the witness' testimony on direct examination." (Emphasis omitted.) State v. Schnipper (1986),22 Ohio St.3d 158, 159.
 {¶ 26} In this case, there is no indication that appellant moved the trial court for an in camera inspection of the victim's affidavit. In fact, counsel for appellant admitted during transcribed sidebar discussions regarding possible contradictory information in the affidavit that "No, it's not in camera." The Schnipper court, citing State v.Jenkins (1984), 15 Ohio St.3d 164, 226, continued that:
"`a defendant cannot be heard to complain on appeal about a matter which the trial judge could have remedied if the defense had complained then.' When, as in the instant case, a defendant fails to move the court to inspect a [documented prior statement], he cannot later complain that he was wrongfully denied the opportunity to cross-examine a [witness] on apparent inconsistencies between the [witness'] testimony and the statements contained in [the documented prior statement]."
 {¶ 27} This Court finds the instant matter analogous to the issue inSchnipper. Appellant never moved the trial court for an in camera inspection of the victim's affidavit. Therefore, the trial court did not err in failing to conduct such inspection.
 {¶ 28} Appellant also states, without argument in support, that the trial court erred by denying admission of the police reports in defendant's/appellant's exhibit B. This Court finds no error by the trial court.
 {¶ 29} This Court first notes that police reports are generally excluded in criminal cases pursuant to Evid.R. 803(8). State v. Kelly
(Feb. 16, 1984), 9th Dist. No. 11296.
 {¶ 30} Appellant apparently relies on Crim.R. 16(B)(1)(g) in support of the alleged error. Such reliance, however, is misplaced. The police reports were not a "statement" by the victim. This Court agrees with the State's argument that a "statement" for purposes of Crim.R. 16(B)(1)(g) is:
"(1) a written statement made by said witness and signed or otherwise adopted or approved by him;
"(2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital or an oral statement made by said witness and recorded contemporaneously with the making of such oral statement; * * *
"* * *
"We find the following explanation of the Jencks Act from the annotation in 5 L.Ed.2d 1014, 1025, 1026-1027, Sections 12[a] and [c] to be helpful in the instant case:
"* * *
"[c] Only a `substantially verbatim,' not a precisely verbatim, recital of a government witness' pretrial oral statement is required. * * * What is meant is that the statement should give the substance of what a government witness said and, so far as the substance is concerned, substantially in the words of the witness. To be `substantially verbatim,' a document must contain a fairly comprehensive reproduction of the witness' words, and continuous, narrative statements made by the witness, and not merely fragmentary notes, jottings, scraps, or writings, or the agent's own interpretations or impressions." State v.Cummings (1985), 23 Ohio App.3d 40, 43, quoting State v. Johnson
(1978), 62 Ohio App.2d 31, 35-36.
Therefore, any information attributed to the victim in any police report is not a statement for purposes of in camera inspection pursuant to Crim.R. 16(B)(1)(g). Furthermore, "[n]otes made by a police officer during an interview with a witness to a crime are not subject to an in camera inspection within the intent and meaning of Crim.R. 16(B)(1)(g)."State v. Washington (1978), 56 Ohio App.2d 129, paragraph two of the syllabus. Based on the foregoing, this Court finds that the trial court did not err in denying admission of the alleged prior inconsistent statements identified by appellant. Appellant's fourth assignment of error is overruled.
 III. {¶ 31} Appellant's four assignments of error are overruled. Accordingly, appellant's conviction for felonious assault out of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Slaby, P.J., Batchelder, J., concur.
[1] Appellant was alternatively indicted on the count of felonious assault in violation of R.C. 2903.11(A)(2), but the judgment entry of conviction and sentence indicates that he was convicted of felonious assault only in violation of R.C. 2903.11(A)(1).